IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Angel Alfonso Chirinos-Escala,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13cv716 (AJT/TRJ) |
| ) | |
| **Harold W. Clarke,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Angel Alfonso Chirinos-Escala, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of two drug offenses entered on a plea of guilty in the Circuit Court for the City of Virginia Beach. On August 14, 2013, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he has filed a reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

At a hearing on May 24, 2011, Chirinos entered a plea of guilty to (1) possession with intent to distribute a schedule I or II controlled substance and (2) transportation into the Commonwealth of one ounce or more of cocaine. Resp. Ex. 3.[1] Prior to the hearing, he had completed and executed a guilty plea questionnaire, Resp. Ex. 2, and at the hearing the court

---

[1] Petitioner informed the court at the plea colloquy that he goes by the last name "Chirinos" rather than "Chirinos-Escala." Resp. Ex. 3 at 6.

1

engaged Chirinos in a detailed plea colloquy. Resp. Ex. 3. During the colloquy, defense counsel noted for the record that a suppression hearing had been conducted, the motion had been denied, and the Commonwealth would not consent to a conditional guilty plea. Id., Tr. at 12. The court confirmed that petitioner understood that under such circumstances he had no appellate rights from the suppression hearing. Id., Tr. 12- 13. At the conclusion of the hearing the court accepted petitioner's plea as knowing and voluntary, id., Tr. 13, and on October 4, 2011, petitioner was sentenced to an aggregate term of ten (10) years imprisonment with four (4) years suspended. Resp. Ex. 1.

On October 17, 2012, Chirinos filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> 1. Trial counsel was ineffective for failing to pursue a motion to suppress based on violation of petitioner's Fourth Amendment rights when the police attached a warrantless global positioning system ("GPS") tracking device to his vehicle.
>
> 2. His Fourth Amendment rights were violated by the warrantless GPS tracking device attached to his vehicle.[2]

---

[2]There is confusion in the record as to whether petitioner raised his claim of ineffective assistance of counsel in the state habeas corpus action. The habeas application petitioner filed in the Supreme Court of Virginia is not a model of clarity, but it does contain the assertion that "my attorney failed to move on my motion to suppress as it stated that a 'warrantless' GPS was used." Resp. Ex. 4 at 4. In respondent's motion to dismiss the petition, he identified two claims for determination, including that of ineffective assistance, Resp. Ex. 5 at 3, and argued both that the claim was waived as a consequence of petitioner's guilty plea, id. at 4-5, and that it failed on the merits, id. at 5-11. For unknown reasons, the Supreme Court of Virginia in its Order dismissing the state petition ruled only on the claim that petitioner's Fourth Amendment rights were violated by the GPS device; no mention was made of the ineffective assistance claim. And in his Brief in Support of Rule 5 Answer in this federal proceeding, respondent now states without explanation that only the Fourth Amendment claim was raised in the state proceeding, Dkt. 5 at 2, and that "[i]n the Supreme Court of Virginia, petitioner did not raise any allegation of ineffective assistance of counsel." Id. at 4.

engaged Chirinos in a detailed plea colloquy. Resp. Ex. 3. During the colloquy, defense counsel noted for the record that a suppression hearing had been conducted, the motion had been denied, and the Commonwealth would not consent to a conditional guilty plea. Id., Tr. at 12. The court confirmed that petitioner understood that under such circumstances he had no appellate rights from the suppression hearing. Id., Tr. 12- 13. At the conclusion of the hearing the court accepted petitioner's plea as knowing and voluntary, id., Tr. 13, and on October 4, 2011, petitioner was sentenced to an aggregate term of ten (10) years imprisonment with four (4) years suspended. Resp. Ex. 1.

On October 17, 2012, Chirinos filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> 1. Trial counsel was ineffective for failing to pursue a motion to suppress based on violation of petitioner's Fourth Amendment rights when the police attached a warrantless global positioning system ("GPS") tracking device to his vehicle.
>
> 2. His Fourth Amendment rights were violated by the warrantless GPS tracking device attached to his vehicle.[2]

---

[2] There is confusion in the record as to whether petitioner raised his claim of ineffective assistance of counsel in the state habeas corpus action. The habeas application petitioner filed in the Supreme Court of Virginia is not a model of clarity, but it does contain the assertion that "my attorney failed to move on my motion to suppress as it stated that a 'warrantless' GPS was used." Resp. Ex. 4 at 4. In respondent's motion to dismiss the petition, he identified two claims for determination, including that of ineffective assistance, Resp. Ex. 5 at 3, and argued both that the claim was waived as a consequence of petitioner's guilty plea, id. at 4-5, and that it failed on the merits, id. at 5-11. For unknown reasons, the Supreme Court of Virginia in its Order dismissing the state petition ruled only on the claim that petitioner's Fourth Amendment rights were violated by the GPS device; no mention was made of the ineffective assistance claim. And in his Brief in Support of Rule 5 Answer in this federal proceeding, respondent now states without explanation that only the Fourth Amendment claim was raised in the state proceeding, Dkt. 5 at 2, and that "[i]n the Supreme Court of Virginia, petitioner did not raise any allegation of ineffective assistance of counsel." Id. at 4.

The Court dismissed the petition on the holding that Chirinos' claim that his Fourth Amendment rights were violated was a "non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va., 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." Chirinos-Escala v. Dir., Dep't of Corrections, R. No. 121817 (Va. May 14, 2013); Resp. Ex. 6. No claim of ineffective assistance of counsel was mentioned. Id.

Petitioner then turned to the federal forum and timely filed the instant application for § 2254 relief, raising the following claims:

1.  Trial counsel rendered ineffective assistance by failing to move to suppress on the ground that petitioner's Fourth Amendment rights were violated when a GPS tracking device was attached to his vehicle.

2.  His Fourth Amendment rights were violated when a GPS tracking device was attached to his vehicle.

As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, and petitioner filed a reply. Accordingly, this matter is now ripe for disposition.

## I. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must have presented the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

As discussed *infra,* n. 2, it is unclear whether petitioner's claim of ineffective assistance of counsel was fully presented to the Supreme Court of Virginia in the state habeas corpus proceeding. However, 28 U.S.C. § 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Here, then, in deference to petitioner's pro se status, the Court will not further belabor the issue of exhaustion, and will consider petitioner's claim of ineffective assistance on the merits.

## II. Procedural Bar

Petitioner's second claim, that his Fourth Amendment rights were violated when the warrantless GPS device was attached to his car, is procedurally defaulted from federal consideration. As discussed above, the Supreme Court of Virginia found that the claim was not cognizable in a petition for a writ of habeas corpus pursuant to Slayton v. Parrigan, supra. A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed,

4

489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the claim likewise is procedurally defaulted in this federal proceeding.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995). In his reply to respondent's motion to dismiss, petitioner makes no showing of any of these factors. Consequently, claim two of this petition is procedurally barred from consideration on the merits.

### III. Analysis

In the sole claim which is cognizable here, Chirinos argues that he received ineffective assistance of counsel in connection with his guilty plea. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that

"counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on

6

ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

Chirinos claims that he received ineffective assistance of counsel when his attorney failed to argue that his rights under the Fourth Amendment were violated when a warrantless GPS was attached to his vehicle. It takes little discussion to conclude that this claim warrants no relief, because contrary to petitioner's argument, counsel in fact did make that very argument in the suppression proceeding. In the written motion to suppress, counsel argued that "any contraband

found, or statements taken from Defendant" on any one of five bases should be suppressed from evidence. The first basis enumerated was "[t]hat the warrantless installation of an electronic G.P.S. system on [Chirinos'] vehicle violates the 4th Amendment." Resp. Ex. 7. And at the hearing on the suppression motion, which was conducted on February 1, 2011, the following exchange occurred:

> DEFENSE COUNSEL: Judge, with respect to the installation of the GPS – the court of appeals last year, September 7, 2010, decided the case of Foltz versus Commonwealth in which the court held that there was no Fourth Amendment violation when there is an installation of a GPS to a bumper.
>
> THE COURT: GPS is not the issue either.
>
> DEFENSE COUNSEL: We did raise that as an issue; but going beyond that one, I certainly still wish to reserve that issue since it's a 'clean slate,' if you will. Appellate court says it's not a Fourth Amendment violation, but going beyond that, the stop of the vehicle, I think, is a significant issue ....
>
> Resp. Ex. 8, Tr. 46 - 47

At the plea colloquy on May 24, 2011, Chirinos stated under oath that he was entirely satisfied with counsel's services. Resp. Ex. 3, Tr. 10. In addition, after counsel stated for the record that a suppression hearing "on several different issues" had been conducted, and the motion was denied. Counsel had attempted to secure a conditional plea, but the Commonwealth did not consent. Counsel had explained these matters to Chirinos, and Chirinos was "aware that there [were] no appellate rights" regarding the suppression issue. The court inquired if Chirinos had discussed "all of that" with counsel and had understood it, and Chirinos responded, "Yes, sir." Id. at Tr. 12-13. Under these circumstances, petitioner cannot demonstrate that but for any asserted shortcomings by counsel relative to the suppression proceeding, he would have rejected

the plea in favor of proceeding to trial, especially where if convicted he faced a maximum possible sentence of eighty years in prison. Id. at Tr .9; cf. Hill, 474 U.S. at 59. Since counsel did argue that petitioner's Fourth Amendment rights were violated by the attachment of a warrantless GPS device to his vehicle, albeit unsuccessfully,[3] and since petitioner thereafter indicated his satisfaction with counsel's services at the plea colloquy, his claim of ineffective assistance must fail.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 30th day of October 2013.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia

---

[3] To the extent that petitioner might argue that counsel should have pressed the argument more forcefully, it is worthy of note that at the time the suppression hearing occurred, numerous circuits as well as courts within this circuit had held that placement of a GPS tracking device did not amount to a search under the Fourth Amendment. See, e.g., United States v. Pineda-Moreno, 591 F.3d 1212 (9th Cir. 2010); United States v. Garcia, 474 F.3d 994 (7th Cir. 2007); United States v. Narrl, 789 F.Supp.2d 646 (D.S.C. 2001). Only one circuit had held to the contrary. United States v. Maynard, 615 F.3d 544 (D.C. Cir.2010). Since counsel is not ineffective for following controlling circuit law, see United States v. McNamara, 74 F.3d 514, 515 (4th Cir. 1996), counsel's reservation of the Fourth Amendment issue here went a step beyond what would have sufficed as effective assistance. It was not until 2012 that the Supreme Court held that a government's installation of a GPS tracking device on a target's vehicle and use of that device to monitor the vehicle's movements is a "search" under the Fourth Amendment. See United States v. Jones, __ U.S. __, 132 S.Ct. 945, 949 (2012). To date, numerous district courts, including this one, have held that Jones does not apply retroactively to cases on collateral review. See United States v. Sykes, 2013 WL 1165245 (E.D.Va. Mar. 20, 2013) (Spencer, J.), and cases cited at *2 n. 2.